**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE DOMINCAN REPUBLIC,<br><br>            Petitioner,<br><br>    v.<br><br>MICHAEL ANTHONY LEE-CHIN,<br><br>            Respondent. | Civil Action No. 23-3821 (CKK) |

**MEMORANDUM OPINION**
(March 31, 2026)

In 2007, a municipality in the Dominican Republic (referred to here as the "Dominican Republic") entered into an agreement with a Dominican company, Lajun, to manage a landfill. Lajun failed to fulfill its obligations under the agreement between 2007 and 2013. In 2013, Michael Anthony Lee-Chin, a dual citizen of Jamaica and Canada, acquired an indirect 90% interest in both Lajun and the land on which the landfill was located. But the Dominican Republic and Lajun continued to have disputes about the administration of the landfill. So, in 2017, the Dominican Republic terminated the Lajun landfill agreement, initiated administrative proceedings to nullify the agreement, and, by 2018, won an administrative ruling declaring the agreement void.

Lee-Chin quickly initiated arbitration proceedings against the Dominican Republic under the Agreement Establishing the Free Trade Area (the "Treaty"), which, in relevant part, protects qualifying investors who invest in the Dominican Republic from expropriation, unfair and inequitable treatment, arbitrary and discriminatory measures, and breaches of contract. *See* Pet'r's Ex. 5, Dkt. No. 1-7 at 3–4. Lee-Chin's allegations concerned the Treaty's obligations regarding expropriation and fair and equitable treatment ("FET").

1

The arbitration proceedings were bifurcated into an initial hearing on jurisdiction and a subsequent hearing on the merits and damages.  The initial hearing on jurisdiction took place in Washington, DC, over two days in February 2020, with the tribunal concluding that it had jurisdiction over Lee-Chin's claims.  The hearing on the merits and damages happened virtually during a week in January 2022, with the tribunal's majority issuing its final award in October 2023. The tribunal concluded that the Dominican Republic's termination of the Lajun landfill agreement constituted an expropriation and violated its obligation of FET.  Accordingly, as compensation for his 90% shareholding interest in Lajun, the tribunal awarded Lee-Chin $38,709,481 plus interest as damages for his expropriation claim, and $4,880,609 plus interest for his FET claim.  The Dominican Republic requested rectification of what it perceived to be errors in the tribunal's calculation of the Lajun shares, but the tribunal dismissed its request.  The tribunal added $133,857.92 to Lee-Chin's award in fees and costs.

In December 2023, the Dominican Republic filed a petition for this Court to vacate the tribunal's arbitral award under the Federal Arbitration Act ("FAA").  Lee-Chin opposed this petition and filed a cross-petition to confirm, recognize, and enforce the tribunal's award under the FAA.  After these petitions became ripe, the Court referred the matter to Magistrate Judge Zia M. Faruqui for a Report and Recommendation.

*     *     *

Magistrate Judge Faruqui recommends that the Court deny the Dominican Republic's petition to vacate the arbitral award; grant Lee-Chin's cross-petition to confirm, recognize, and enforce the arbitral award; and deny Lee-Chin's request for leave to file a motion for attorneys' fees.  The Dominican Republic objects to Magistrate Judge Faruqui's recommendation. Accordingly, consistent with Local Rule of Civil Procedure 72.3, the Court has reviewed

Magistrate Judge Faruqui's Report and Recommendation *de novo*. Upon this review, and after consideration of the parties' submissions, the relevant legal authority, and the entire record, the Court shall **ADOPT** Magistrate Judge Faruqui's well-reasoned Report and Recommendation in full and **DENY** the Dominican Republic's [1] Petition to Vacate Arbitration Award; **GRANT** Lee-Chin's [16] Cross-Petition for Confirmation of Arbitral Award; and **DENY** Lee-Chin's request for attorneys' fees.

*    *    *

There is an "emphatic federal policy in favor of arbitral dispute resolution," especially "in the field of international commerce." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 727 (D.C. Cir. 2012) (internal citation and quotation omitted). A court "must confirm an arbitration award where some colorable support for the award can be gleaned from the record." *LaPrade v. Kidder, Peabody & Co.*, 94 F. Supp. 2d 2, 4 (D.D.C. 2000) (EGS), *aff'd*, 246 F.3d 702 (D.C. Cir. 2001) (citing *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 532 (D.C. Cir. 1989)). Accordingly, "[t]he showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate the award has the burden of proof." *Republic of Argentina v. BG Grp., PLC*, 715 F. Supp. 2d 108, 116 (D.D.C. 2010) (internal citation and quotation omitted), *aff'd*, 572 U.S. 25, 34 (2014)). Here, the Dominican Republic does not carry that burden.

To start, the Court agrees with Magistrate Judge Faruqui's finding that the parties agreed to have the arbitral tribunal determine the arbitrability of Lee-Chin's claims. The relevant Treaty provision applicable to the tribunal's jurisdiction employs "language that clearly and unmistakably delegated the question of arbitrability to the arbitrator." Rep. & Rec., Dkt. No. 26 at 8. Furthermore, as Magistrate Judge Faruqui noted, the Treaty's language is nearly identical to language that the Supreme Court held to have delegated the issue of arbitrability in *BG Grp., PLC*

3

*v. Republic of Argentina*, 572 U.S. 25 (2014).  Finally, the Dominican Republic's consent to arbitrate the issue of arbitrability is evidenced by the fact that it submitted a request to bifurcate the proceedings in front of the tribunal so that the jurisdictional questions were decided first.  Rep. & Rec., at 11.  Accordingly, the Dominican Republic has not shown that the tribunal's award should be vacated on the basis that the tribunal did not have jurisdiction to decide the issue of arbitrability.

The Court also agrees with Magistrate Judge Faruqui's determination that the award should not be vacated under 9 U.S.C. § 10.  The tribunal did not act outside of its contractually delegated authority as set forth in *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013), and therefore the Dominican Republic has not shown that the award should be vacated under 9 U.S.C. § 10(a)(4). In determining that Lee-Chin was a qualifying investor under the Treaty, the tribunal considered the Treaty and provided detailed reasoning for its decision.  *See* Rep. & Rec., at 14 (citing relevant parts of tribunal's decision).  Furthermore, the Court would not be warranted in vacating the tribunal's award under 9 U.S.C. § 10(a)(3) because the tribunal provided a fair proceeding.  *Id*. at 15–16.  Nor has the Dominican Republic shown that the award should be vacated for misconduct under 9 U.S.C. § 10(a)(1) or fraud under Article V(2)(b) of the New York Convention.  *Id*. at 16– 19.

Finally, the Dominican Republic has not shown that the tribunal's award should be modified under 9 U.S.C. § 11.  As Magistrate Judge Faruqui explains, the tribunal was "well within" its authority and "did not make a mathematical error" in making the "deliberate choice" to use the discount rate that it did within the parties agreed-upon DCF model.  *Id*. at 19–21.

*     *     *

4

Accordingly, for the above reasons, the Court shall adopt Magistrate Judge Faruqui's Report and Recommendation in full.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Dated:**  March 31, 2026

_Colleen Kollar-Kotelly_
COLLEEN KOLLAR-KOTELLY
United States District Judge

5